# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CORDALE BELL, | No. 2:14-cv-01237-JCM-GWF |
| *Petitioner*, | |
| vs. | ORDER |
| U.S. DISTRICT COURT, *et al.,* | |
| *Respondents.* | |

    This habeas action by a Nevada state inmate comes before the court on petitioner's application (#1) to proceed *in forma pauperis* and motion (#2) for appointment of counsel, as well as for initial review. The court finds that petitioner is unable to pay the filing fee within a reasonable period of time, and the pauper application therefore will be granted.

    Following initial review, the court finds that appointment of counsel is in the interests of justice, considering, *inter alia*: (a) petitioner's claims pertaining to an alleged insanity defense at the time of the offense and to alleged incompetence at the time of his plea, which may require access to medical records not available to an inmate proceeding *pro se*; (b) the sentencing structure of two consecutive life sentences with the possibility of parole after five years on each sentence; (c) the number and complexity of the potential procedural and substantive issues; and (d) the possibility that petitioner may have approximately three-and-a-half months remaining within the federal limitation period at the time of filing for federal habeas counsel to assert claims without relation back concerns prior to seeking other relief herein. The motion for appointment of counsel therefore will be granted.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is GRANTED and that petitioner shall not be required to pay the filing fee.

IT FURTHER IS ORDERED that the clerk of court shall file the petition.[1]

IT FURTHER IS ORDERED that the motion (#2) for appointment of counsel is GRANTED. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the federal public defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation or to indicate an inability to do so. If the public defender is unable to represent petitioner, the court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The court anticipates setting the deadline, taking into account the potential issues presented, for **November 14, 2014**, subject then to petitioner's ability to seek such extension as petitioner deems advisable.[2] Any deadline established and/or any extension thereof will not signify any implied finding by the court of a basis for tolling during the time period established. Petitioner at all times remains responsible for independently calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

---

[1] The filing of the petition does not signify that the *pro se* original petition is free of deficiencies. *Inter alia*, the petition is not signed or verified, improperly names this court and the state as respondents, and does not name petitioner's physical custodian as a respondent. The court leaves the correction of the deficiencies in the original petition to the filing of a counseled amended petition, subject to the caveat herein regarding petitioner's responsibility to properly present claims within the limitation period.

[2] Nothing herein precludes petitioner from following a "two-step" procedure of filing a first amended petition within the limitation period with claims known at that time while seeking leave to file a second amended petition by a date certain to allow full completion of federal habeas counsel's investigation of the matter. *See, e.g., McMahon v. Neven*, No. 2:14-cv-00076-APG-CWH, #29 (D. Nev. May 29, 2014) (expressly approving and explaining the court's rationale in allowing a bifurcated amendment procedure in habeas cases where the limitation period potentially may expire before federal habeas counsel would be able to conduct a complete investigation).

1    IT FURTHER IS ORDERED, so that the respondents may be electronically served with
2 any papers filed through counsel, that the clerk shall add the state attorney general as
3 counsel for respondents and shall make informal electronic service of this order upon
4 respondents by directing a notice of electronic filing to her.  Respondents' counsel shall enter
5 a notice of appearance within **twenty-one (21) days** of entry of this order, but no further
6 response shall be required from respondents until further order of the court.

7    IT FURTHER IS ORDERED that counsel additionally shall send a hard copy of all state
8 court record and related exhibits that are filed to, for this case, the **Reno clerk's office**.

9    The clerk accordingly shall SEND a copy of this order to the *pro se* petitioner (along
10 with a copy of the papers that he submitted), the state attorney general, and the federal public
11 defender.  The clerk further shall regenerate notices of electronic filing of all prior filings herein
12 to both the state attorney general and federal public defender.

13    DATED:  July 30, 2014.

_____
JAMES C. MAHAN
United States District Judge

-3-