# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CORDALE BELL,

    Petitioner,

vs.

U.S. DISTRICT COURT, *et al.*,

    Respondents.

Case No. 2:14-cv-01237-JCM-GWF

**ORDER**

    Petitioner Cordale Bell, through counsel, has filed a first amended petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF #7). The petition shall be served upon the respondents.

    A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

    Good cause appearing, petitioner's motion for leave to file exhibits under seal (ECF #12) is granted.

    **IT THEREFORE IS ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the first amended petition (ECF #7) upon the respondents.

**IT FURTHER IS ORDERED** that respondents shall file a response to the petition, including potentially by motion to dismiss, within **ninety (90) days** of service of the petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules.  **Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 4.**

**IT FURTHER IS ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT FURTHER IS ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT FURTHER IS ORDERED** that petitioner shall have **forty-five (45) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT FURTHER IS ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further shall be identified by the number or

1  numbers of the exhibits in the attachment. The hard copy of any additional state court record exhibits
2  shall be forwarded – for this case – to the staff attorneys in **Reno**.
3     **IT FURTHER IS ORDERED** that petitioner's motion to file exhibits under seal (ECF #12)
4  is **GRANTED**.

7     Dated, April 14, 2015.

                                    _____
                                    UNITED STATES DISTRICT JUDGE