UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| CORDALE BELL, | Case No. 2:14-cv-01237-JCM-GWF |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| U.S. DISTRICT COURT, et al., | |
| Defendants. | |

This habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss petitioner Cordale Bell's counseled amended petition (ECF No. 15). Bell opposed (ECF No. 17), and respondents replied (ECF No. 19).

**I.     Procedural History and Background**

On June 25, 2007, the State charged Bell with count I: burglary with the use of a deadly weapon; count II: invasion of the home with the use of a deadly weapon; count III: assault with a deadly weapon; count IV: kidnapping in the first degree with the use of a deadly weapon; counts V and VI: battery with a deadly weapon; and count VII: willfully endangering a child as a result of child abuse (exhibit 2 to amended petition, ECF No. 7).[1]  Bell underwent two psychological examinations, and the state district court found him competent to stand trial and to aid in preparation of his trial. Exh. 7.

Ultimately, on February 3, 2009, Bell pled guilty to count IV: kidnapping in the first degree with a deadly weapon. Exh. 29. The state district court sentenced Bell to life with

---

[1] Exhibits referenced in this order are exhibits to the amended petition, ECF No. 7, and are found at ECF Nos. 8-11, 13.

1

the possibility of parole after five years, with a consecutive term of life with the possibility of parole after five years for the deadly weapon enhancement.  Exh. 32.  Judgment of conviction was filed on March 10, 2009.  Exh. 33.  The court granted the State's oral motion to dismiss counts I, II, III, V, VI, and VII.  Exh. 34.

The Nevada Supreme Court affirmed the conviction on March 10, 2010, and remittitur issued on April 7, 2010.  Exhs. 40, 42, 43.  The Nevada Supreme Court affirmed the state district court's dismissal of Bell's state postconviction petition on October 17, 2013, and remitittur issued on November 14, 2013.  Exhs. 70, 74, 75.

Bell dispatched his federal petition for mailing on or about July 28, 2014 (ECF No. 4).  This court appointed counsel, and Bell filed an amended petition on November 5, 2014 (ECF No. 7).  Respondents now argue that the petition should be dismissed as unexhausted (ECF No. 15).

II.     **Legal Standards & Analysis**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted

2

to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

In his federal petition, Bell asserts that he did not enter a knowing, intelligent and voluntary guilty plea in violation of his Fifth and Fourteenth Amendment due process rights (ground 2) and that his plea counsel rendered ineffective assistance in violation of Bell's Sixth and Fourteenth Amendment rights by not apprising the court of Bell's incompetency (ground 1) (ECF No. 7, pp. 9-14). Respondents argue that both grounds in the amended petition are unexhausted (ECF No. 15).

The Nevada Supreme Court explained in its order affirming the dismissal of the state postconviction petition that the claims before it were whether the district court erred by dismissing the state petition without conducting an evidentiary hearing on "[Bell's] claim that he was under the influence of a powerful antipsychotic drug and counsel was ineffective for failing to inform the district court of his incompetency." Exh. 74, p. 1. Having carefully reviewed Bell's opening brief and the Nevada Supreme Court's order affirming the dismissal of the state postconviction petition, this court concludes that both federal grounds are exhausted.  Exhs. 70, 74.  Particularly with respect to federal ground 1, the ineffective assistance of plea counsel claim, Bell appears to add more specific factual allegations, including that he underwent several psychological examinations that indicated that he had mental health issues and that jail records noted "likely schizophrenia" (ECF No. 7, p. 12).  However, these allegations do not fundamentally alter or place the claims in a significantly different posture than they were presented in the state courts.[2]

Accordingly, the court concludes that the grounds in Bell's amended petition are exhausted, and therefore, respondents' motion to dismiss is denied.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents shall have **sixty (60) days** from the date of entry of this order to file an answer to the amended petition.  The answer shall contain all substantive and procedural arguments as to all grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

---

[2] The court does not consider at this time whether any additional factual allegations proffered by Bell may implicate *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398-1399 (2011) when Bell's petition is adjudicated on the merits.

4

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that petitioner's motion to extend time to oppose the motion to dismiss (ECF No. 16) is **GRANTED** *nunc pro tunc.*

**IT IS FURTHER ORDERED** that respondents' motion to amend the caption (ECF No. 18) is **GRANTED**.  The Clerk of Court **SHALL ADD** Dwight Neven as a respondent and **SHALL REMOVE** U.S. District Court and State of Nevada from the caption.

DATED: February 17, 2016.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE